No. 04-098

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 52N

RICHARD LEROY RUSSELL,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. DC 99-07,
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Richard Leroy Russell (pro se), Deer Lodge, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

        George Corn, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  June 1, 2004

Decided:  March 8, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Richard Leroy Russell ("Russell") appeals from an Opinion & Order denying his petition for postconviction relief entered on January 15, 2004, in the Twenty-First Judicial District Court, Ravalli County. We affirm.

¶3 The following issues are addressed on appeal:

¶4 1. Did the District Court err in denying Russell postconviction relief based on his claim of ineffective assistance of counsel?

¶5 2. Did the District err in denying Russell's petition for postconviction relief based on his claim that his constitutional rights were violated?

¶6 3. Did the District Court err in denying Russell's petition for postconviction relief based on his claim that the state failed to disclose exculpatory evidence to his counsel?

### FACTUAL AND PROCEDURAL BACKGROUND

¶7 On January 19, 1999, the State charged Russell with one count of attempted deliberate homicide, or alternatively, one count of aggravated assault. The charges stemmed from an incident that occurred on December 29, 1998, in Hamilton, Montana, when Russell stabbed Robert Prindel ("Prindel") after an evening of drinking at the home of Fern Todd. During trial, Russell and Prindel testified to two different versions of the events that led up to the

2

stabbing. Nevertheless, the police testified that when they arrived on the scene, Russell was outside and admitted that he stabbed Prindel, although he said it was self-defense. As a result of the stabbing, Prindel underwent emergency surgery to stop the bleeding in his heart. The knife also pierced his colon, contaminating his abdominal contents and causing him permanent loss of eye sight. Prindel remained in a coma for more than 40 days.

¶8 Russell was convicted of attempted deliberate homicide by a jury on December 17, 1999. Because Russell had a lengthy criminal history, the District Court sentenced him to serve life in prison, plus 10 years for using a weapon in commission of the offense, to be served consecutively. Russell appealed.

¶9 After the trial Russell's counsel, Appellate Defender Chad Wright ("Wright") filed a motion to withdraw and supporting brief in accordance with *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. He advised the District Court that there were only two issues that could possibly support an appeal, but that he saw no merit in an appeal. Russell failed to respond to his counsel's motion and brief.

¶10 This Court issued an order that Wright's *Anders* brief would be accepted as Russell's opening brief on appeal and the State would have 30 days to respond. Russell raised two issues on appeal: whether trial counsel was ineffective for failing to challenge a juror for cause whose stepfather later married Prindel's mother, and whether the evidence was sufficient to support the verdict. This Court affirmed the judgment in *State v. Russell*, 2001 MT 278, 307 Mont. 322, 37 P.3d 678. We also held that Russell needed to address any non-record based allegations of ineffective assistance of counsel in a petition for postconviction relief rather than on direct appeal. *Russell*, ¶ 16.

3

¶11    On November 22, 2002, Russell filed a *pro se* petition for postconviction relief in the District Court, alleging that both his trial counsel and his appellate counsel were ineffective. Russell also claimed he was denied the right to present certain evidence, and that the State failed to produce certain exculpatory evidence. The District Court denied all relief, ruling that Russell failed to state any claims that would warrant an evidentiary hearing. Russell appeals.

## STANDARD OF REVIEW

¶12    On appeal from the denial of a petition for postconviction relief, this Court reviews a District Court's findings of fact to determine if they are clearly erroneous, and conclusions of law to determine if they are correct. *Hope v. State*, 2003 MT 191, ¶ 13, 316 Mont. 497, ¶ 13, 74 P.3d 1039, ¶ 13.

## DISCUSSION

## ISSUE ONE

¶13    **Did the District Court err in denying Russell postconviction relief based on his claim of ineffective assistance of counsel?**

¶14    Russell first challenges the effectiveness of his trial counsel, alleging that counsel failed to challenge a juror for cause whose stepfather later married Prindel's mother, and for utilizing two peremptory challenges to strike two jurors who were outside the main panel of twenty-four jurors. Not only was the first of these issues decided in his direct appeal, Russell failed to include either of these issues in his petition for postconviction relief which he filed in the District Court. Therefore, they are not properly before this Court. *See* § 46-21-105(1), MCA; *Sanders v. State,* 2004 MT 374, ¶ 16, 325 Mont. 59, ¶ 16, 103 P.3d 1053,

4

¶ 16.

¶15    Russell further alleges his appellate counsel was ineffective because he failed to raise the following 12 issues on appeal:

¶16    (1) Failure of Russell's trial attorney to acquire hospital records reflecting the actual amount of days the victim was in a coma;

¶17    (2) Failure of Russell's trial attorney to introduce into evidence the clothing he was wearing the night of the stabbing to prove they were not bloody as the State alleged;

¶18    (3) Failure of Russell's trial attorney to poll the jury as requested by Russell;

¶19    (4) Failure of Russell's trial attorney to seek a dismissal from the District Court because the State had failed to prove its case;

¶20    (5) Failure of Russell's trial attorney to ensure that the jury did not see him in handcuffs;

¶21    (6) Failure of Russell's trial attorney to enter into evidence Prindel's medical records reflecting the actual amount of days the victim was unconscious in the hospital;

¶22    (7) Failure of Russell's attorney to acquire photos of Prindel that Russell alleged were wrongfully entered into evidence because they depicted Prindel's bodily wounds without showing Prindel's head or face;

¶23    (8) Failure of Russell's trial attorney to object to the doctor testifying for the State that "the wound was obviously meant to kill;"

¶24    (9) Failure of Russell's trial attorney to submit into evidence the clothes worn by Russell on the night of the stabbing to prove they were not covered with mud as one of the State's witnesses testified;

5

¶25 (10) Failure of Russell's trial attorney to enter into evidence the results of the fingerprints that were taken from the alleged weapon in this case;

¶26 (11) Failure of Russell's trial attorney to ask any of the witnesses whether or not the victim had attacked anyone else at the place the incident occurred;

¶27 (12) Failure of Russell's trial attorney to obtain the results of crime lab tests on the clothes he wore the night of the stabbing.

¶28 Reversal of a district court's denial of a petition for postconviction relief requires a convicted defendant to satisfy the two-part test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674. First, the defendant must show "that counsel's performance was deficient pursuant to the 'reasonably effective assistance' test; if counsel acted within the range of competence demanded of attorneys in criminal cases, the performance rendered was not deficient." *Brown v. State* (1996), 277 Mont. 430, 434, 922 P.2d 1146, 1148. Second, the petitioner must establish that the "deficient performance prejudiced him and deprived him of a fair trial." *Brown,* 277 Mont. at 434, 922 P.2d at 1148. "Prejudice is evaluated by whether a reasonable probability exists that, but for counsel's deficient performance, the outcome of the trial would have been different." *Brown,* 277 Mont. at 434, 922 P.2d at 1148. Moreover, the petition for postconviction relief must be based on more than mere conclusory allegations, it must "identify all facts supporting the grounds for relief as set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9; § 46-21-104(1)(c), MCA.

¶29 Each of Russell's claims are without merit; he has failed to support any of his

6

allegations of ineffective assistance of counsel with affidavits, documents, or any other evidence (other than his own conclusory statements) which would establish the existence of those facts as required under § 46-21-104(1)(c), MCA. Because the petition failed to meet the statutory requirements under § 46-21-104(1)(c), MCA, the District Court properly dismissed the petition as a matter of law. *Griffin v. State*, 2003 MT 267, ¶ 11, 317 Mont. 457, ¶ 11, 77 P.3d 545, ¶ 11.

¶30 Issues 3, 4, and 5, above, were for the first time raised in the petition for postconviction relief. They are, however, claims that are record based. They were not raised by Russell in his direct appeal. Thus, these purported issues will not be considered in this appeal of Russell's petition for postconviction relief. Section 46-21-105(2), MCA; *Ellenburg v. Chase*, 2004 MT 66, ¶ 26, 320 Mont. 315, ¶ 26, 87 P.3d 473, ¶ 26.

¶31 Further, in relation to his claims above numbered 1, 2, and 6 through 12, Russell has failed to demonstrate that his trial counsel's performance was deficient. The issues raised by Russell are matters of trial strategy best left to the discretion of trial counsel. Russell's defense at trial was not that he did not stab Mr. Prindel, or that he did not mean to kill him. His defense was justifiable use of force. *Russell*, ¶ 25. Considering the record, the State was able to present substantial evidence that it was indeed Russell who wielded the knife, making self-defense a reasonable defense, and possibly the best defense. Thus, it was a reasonable strategy not to object to or emphasize the matters Russell now claims were mistakes. As noted in *Brown,* 277 Mont. at 434, 922 P.2d at 1148, this Court will not second-guess trial tactics and strategy. Neither is appellate counsel required to raise every colorable issue on appeal. *In re Martin*, 240 Mont. 419, 422, 787 P.2d 746, 748.

¶32 We conclude, as did the District Court, that trial counsel was not ineffective, that appellate counsel raised those issues which could be reasonably argued on direct appeal, and Russell's allegations of ineffective assistance of counsel raised in his petition for postconviction relief are unsupported by both the petition itself and by the record.

## ISSUE TWO

¶33 **Did the District Court err in denying Russell's petition for postconviction relief based on his claim that his constitutional rights were violated?**

¶34 Russell further argues that he was denied his constitutional "right to know" under Article II, Section 9 of the Montana Constitution, and his constitutional right to due process of law under Article II, Section 17 of the Montana Constitution, because his attorney failed to introduce into evidence the clothing he was wearing the night of the stabbing to rebut the State's testimony that the clothes were covered in blood and mud.

¶35 We agree with the District Court that Russell misapplies Article II, Section 9 of the Montana Constitution. Article II, Section 9 guarantees the public a right to observe and scrutinize the deliberations of, and documents produced by, state government agencies and other public bodies. It is not relevant in this case concerning whether Russell's attorney was obliged to acquiesce to Russell's wish to have particular evidence introduced at trial. This is a matter of trial strategy, which this Court is not inclined to second-guess. *Brown,* 277 Mont. at 434, 922 P.2d at 1148.

¶36 We also agree with the District Court that Russell's due process claim is without merit. Article II, Section 17 of the Montana Constitution provides "[n]o person shall be deprived of life, liberty, or property without due process of law." Russell has failed to

8

present any evidence that he was somehow denied his due process rights. After reviewing the record, it is clear that Russell's trial attorney did not introduce certain evidence because he believed introduction of such evidence would not impact the outcome of the case. This is evident from his statement to Russell that "it doesn't matter" whether he introduced the evidence or not.

¶37 Accordingly, Russell's constitutional rights were not violated.

## ISSUE THREE

¶38 **Did the District Court err in denying Russell's petition for postconviction relief based on his claim that the State failed to disclose exculpatory evidence to his counsel?**

¶39 Russell claims that during trial the State failed to disclose evidence that is both exculpatory and material under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and as a result, he was wrongfully convicted. Specifically, Russell claims the State withheld the clothes he wore the night of the stabbing, the knife used in the stabbing that allegedly revealed the fingerprints of the real "culprit," copies of Prindel's medical records revealing the actual number of days he was in a coma, and blow-up photos of Prindel's bodily wounds, which according to Russell, could have depicted someone other than Prindel.

¶40 We conclude, based on our review of the record, that the District Court was correct. Russell failed to show that the State refused to disclose any evidence requested by defense counsel. On the contrary, the clothing and the knife both remained in law enforcement custody subject to inspection by the defense. Additionally, the crime lab analysis of the fingerprints on the knife, the victim's medical records, and the copies of the blow-up pictures

9

were provided to the defense during discovery.  Accordingly, Russell's claim is without merit.

## CONCLUSION

¶41     We affirm the judgment of the District Court denying Russell's petition for postconviction relief.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ JIM RICE